CHAPMAN *v.* RUSSELL

JUDGMENT—ENFORCEMENT OF JUDGMENT—SUMMARY JUDGMENT.

Summary judgment for plaintiffs was properly denied in their actions to enforce a Federal judgment against the personal assets of an alleged partner, defendant, of the person against whom they had obtained their judgment where the judgment was based on a Federal securities law violation, there was no evidence that the partnership was formed to sell the securities with which the Federal judgment dealt, where the receiver of the alleged partnership, not the partnership, was joined as a party, and where the defendant was never served in the Federal case.

REFERENCE FOR POINTS IN HEADNOTE
41 Am Jur, Pleading §§ 340–343.

Appeal from Gratiot, Leo W. Corkin, J.   Submitted Division 3 November 10, 1970, at Grand Rapids.   (Docket No. 8812.)   Decided March 24, 1971.

Complaint by Bernard A. Chapman, Anna Chapman, Joseph C. Kalman, Thomas L. Lowery, Jr., Dale H. Burgess, Leonard G. Burgess, Johanna Adamson, and Ralph Isbrandt against Stewart H. Russell to enforce a judgment against the separate assets of defendant as a partner in Ohio East Producers.   Plaintiffs' motion for summary judgment denied.   Plaintiffs appeal by leave granted.   Affirmed.

*Heritier, Abbott & Nicholson,* for plaintiffs.

*Fortino, Plaxton & Moskal,* for defendant.

Before: T. M. BURNS, P. J., and R. B. BURNS and MUNRO,* JJ.

MUNRO, J.   Plaintiffs appeal from the trial court's denial of their motion for summary judgment.

On April 17, 1968, the United States District Court for Eastern Michigan entered a judgment on behalf of plaintiffs against Ben Gittleman personally and doing business as Ohio East Producers. An appeal was taken from the judgment to the United States Court of Appeals for the Sixth Circuit.

During the pendency of the appeal, Stewart H. Russell filed a petition for dissolution of a partnership with Ben Gittleman, doing business as Ohio East Producers, in Common Pleas Court for Wash-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ington County, Ohio. Upon learning that Ohio East Producers was, in fact, a partnership rather than a sole proprietorship, plaintiffs filed a motion with the United States Court of Appeals for the Sixth Circuit to substitute James Dunn, the receiver for Ohio East Producers appointed by the Washington County Court, as a party defendant appellant to the Federal litigation as the legal successor to Ben Gittleman, doing business as Ohio East Producers. The motion was granted by the court on or about August 7, 1968. On July 9, 1969, the United States Court of Appeals affirmed the judgment of the district court and that judgment has become final.

On March 26, 1969, plaintiffs filed the present action against Stewart H. Russell, defendant, in the Circuit Court for the County of Gratiot to enforce the Federal district court judgment against the separate assets of defendant as partner in Ohio East Producers. Defendant, in his answer, denied that he was a partner.

Plaintiffs then filed a motion for summary judgment in accordance with GCR 1963, 117. Defendant filed no response to plaintiffs' motion; but when a hearing was held on the motion, the circuit judge denied the motion. This Court then granted plaintiffs leave to appeal the trial court's order.

The grounds stated in plaintiffs' motion were in accordance with GCR 1963, 117.2(3) which provides:

"The motion for summary judgment shall state that the moving party is entitled to judgment in his favor because of any one of the following grounds:

* * *

"(3) That except as to the amount of damages there is no genuine issue as to any material fact, and the moving party is, therefore, entitled to judgment as a matter of law."

Plaintiffs contend that the affidavits with which they supported their motion conclusively establish that defendant is a partner in Ohio East Producers with Ben Gittleman and that defendant is personally liable on the judgment obtained against that partnership.

We disagree. Included in the affidavits supporting plaintiffs' motion was a certified copy of defendant's petition for dissolution of the partnership. Plaintiffs contend that the petition, along with a deposition in which defendant admitted being a partner with Ben Gittleman in Ohio East Producers, establish that defendant was a general partner in the firm called Ohio East Producers.

Although defendant, in his brief, raises doubt whether defendant actually was a partner in the company, even were we to assume that plaintiffs' affidavits establish the existence of a partnership and the defendant's role as a partner, plaintiffs' motion would still have to fail. GCR 1963, 117.3 provides in part:

"Judgment shall be rendered forthwith if the pleadings show that any party is entitled to a judgment as a matter of law or if the affidavits or other proof show that there is no genuine issue of fact."

It is the opinion of this court that there are many issues of fact which would preclude the summary judgment. First, the judgment sued upon was based upon a violation of the Securities Act of 1933. Nowhere do plaintiffs contend that the partnership was formed for the purpose of selling said securities. Without a factual determination of this issue it would be impossible for this Court or any court to determine whether the defendant can be held personally liable for the actions of Ben Gittleman as his partner in violating the Securities Act of 1933.

There is also some question whether jurisdiction was ever obtained over the partnership. The judgment in the United States District Court was against "Ben Gittleman, individually and/or d/b/a [doing business as] Ohio East Producers, and Lois Gittleman". Then, when plaintiffs found out that Ohio East Producers was a partnership, they joined not the partnership itself but only the receiver appointed by the Ohio court. Defendant himself was never served with process in the district court case.

There may be some theory upon which plaintiffs may establish jurisdiction over defendant so they may enforce their judgment against the separate assets of defendant. However, their pleadings and affidavits fall far short of proving every material fact. Therefore, since there are still issues of fact and law to be decided, the motion for summary judgment was properly denied.

Although we have assumed for purposes of this appeal that defendant was a partner with Ben Gittleman in a company called Ohio East Producers, this was only to facilitate the writing of this opinion. The issue whether defendant was a partner in the company is still unresolved.

Affirmed.

All concurred.